*1033 The opinion of the court was delivered by
Miller, J.
This is an appeal from the judgment of the Oivil District Court against the State on its petition for an injunction to restrain defendant from slaughtering animals for human food, until inspected by the State Inspector and the inspection, fees paid as directed by the act of the Legislature No. 87 of 1888.
The defence was, besides the exception of no cause of action, that the act of 1888 is unconstitutional because violative of Arts. 29, 43, 46, 48 and 248 of the State Oonstitution. The argument in this Court in behalf of defendant is mainly directed to the asserted repugnancy of the act to Art. 248.
The prohibition in Art. 46 is against amending charters of corporations. The act of 1888 does, in its title, express the purpose to amend the Act 118 of 1869, which, besides creating the Orescent City Live Stock Landing and Slaughterhouse Company, was “an act to protect the health of the city of New Orleans,” and in its sixth section provided for the appointment by the Governor of an Inspector of Animals intended to be slaughtered for human food. The sixth section in no sense formed part of the charter of the Crescent City Company, though that company was subjected to its operations. It is this sixth section the act of 1888 proposes to amend, and the change is to extend the inspection of animals to be slaughtered, place the inspection under the supervision of the Board of Health, impose certain additional duties on the Inspector, especially with respect to the cleanliness of the slaughterhouse, and change the disposition of inspection fees. An amendment of this section is not an amendment within the purview of the forty-sixth article. It would be a valid enactment if the title of the act of 1888 made no reference to the act of 1869, and hence can not be assailed because the title of the act of 1888 refers to the act of 1869.
We group, for consideration, the objections to the act of 1888 based on Art. 29, to-wit: that the title to the act does not express its object, and that the act embraces more than one object. The purpose of the act was, as already stated, to enlarge the duties of the Inspector of Live Stock so as to extend to all animals slaughtered for human food in all slaughterhouses, and place inspectors under the supervision of the health officers, and to make other changes incident to inspection already stated. From first to last the act deals only with inspection of animals and the supervision under which it *1034 is to be conducted. The provisions with respect to fees and their disposition, and other details, are all germane to the subject of inspection, and the reference to the act of 1869 introduces no new subject, and for all practical purposes might as well be omitted. Viewing the act as not covering two objects, and holding that the substantial purpose is fairly covered by the title to charge the Board of Health with the supervision of all stock to be slaughtered, the appointment of the Inspector and his fees being incident to that supervision, we hold there is no repugnancy of the act of 1888 to Arts. 48, 29, 43 and 248 of the Constitution. The title of the act is certainly broad enough to cover the appointment of the Inspector, and that appointment is all that this suit involves. We are safe in holding the title sufficient for that purpose. The second and fifth exceptions, that the act attempts to appropriate public money that should go into the treasury, and that the act was local and required notice, we think hardly deserve serious consideration. An act looking to the inspection of all live stock to be slaughtered anywhere in the State, and providing for the inspection commensurate with the scope of the act, can hardly be deemed local. Money derived from taxes and licenses, i. e., the ordinary revenues of the State, can be taken out of the treasury only by legislative appropriations. But fees required to be paid in aid of inspection or health laws are manifestly within the scope of Art. 46 of the Contitution. The remaining exception is that Art. 248 of the Constitution of the State strips the Legislature of all police power with respect to the inspection of animals to be slaughtered for human food. That power, it will be conceded, extends to all the incidents of the subject within its scope. It will doubtless occur that the powers with respect to some of those incidents may well be exerted to the full extent required by the municipalities and parishes. But it is not easy to conceive that with reference to other incidents within the police power, the municipalities and parishes could exert the functions required. Thus, if legislation is required to act on the subject generally and to be effective throughout the State, so as to bring the subject within the operation of a uniform rule, such rule would have to be prescribed by the State, the authority of towns, cities and parishes being limited by their territorial jurisdiction. An inspection law to operate on animals intended to furnish human food from the time *1035 the animal is introduced, and to apply wherever it is carried within the State, would, from the very nature of such a law, require State authority for its enforcement. It is not, therefore, reasonable to hold that it was ever intended by the Constitution to deprive the State of all competency for such general legislation. All canons of interpretation are against the presumption of the relinquishment of the police power existing in the State (Cooley’s Cons. Lim., Chap. 16; the Slaughterhouse Case, 16th Wall. 36, passim). The 248th article of the Constitution delegates to the parishes and municipalities the regulation of the slaughtering of animals within their respective limits. It would be, we think, giving to the “ regulating ” a significance far beyond the import of the word if we were to hold that the State was thereby deprived of all power to pass an inspection law to operate throughout the State on animals before they can be slaughtered. This court has held in cases simply involving the location of slaughterhouses in this parish, that this power to prescribe the location was in the local authorities under the article of the Constitution. The court in reaching that conclusion used some general language with respect to the supposed divestiture of the State of its police power under the Art. 248. All that the determination of the cases required was the adjudication that the location of slaughterhouses was in the parish or municipal authorities. Any reasoning of the court in those cases is of course controlled by the single point at issue, i. e. the location of slaughterhouses (Villavaso vs. Barthet, 39 An. 247; Darcantel vs. Slaughterhouse Company, 44 An. 632). The act, of 1888, in question here provides for the appointment of an inspector to act under the supervision of the Board of Health to inspect all animals slaughtered for food in the slaughterhouses here and in all other slaughterhouses within the State. The validity of such an act was in no manner involved in the previous decisions of this Court. In so far as the act provides for the inspector and his fees, it was the exercise of the general police power left in the State untouched by Art. 248, delegating the police power only to a limited extent to the municipalities and parishes. The injunction in this case is to prohibit the slaughtering or permitting the slaughtering of animals in defendant’s slaughterhouses until the animals are inspected and the inspector’s fees paid. To that extent we are clear the act is valid. The defendant is without interest with respect to the fees, and if there are other questions *1036 beyond that presented by the application for the injunction, it will be time enough to meet them when they arise. We have given the case, we believe, all the consideration it requires. The parties are anxious for a speedy decision, and, submitted as the case has been, at the close of the term, we have not been able to elaborate the opinion, but have presented sufficiently, we trust, the ground of our decree.
It is therefore ordered, adjudged and decreed that the judgment ■of the lower court be avoided, annulled and reversed; and it is further ordered, adjudged and decreed that the defendants be enjoined .and restrained from slaughtering or permitting to be slaughtered in their slaughterhouse any animal intended to be slaughtered for human food until the same is inspected by the State Inspector and his fees paid, as directed by the legislative Act No. 87 of 1888, and that defendants pay costs.