## City of Spring Valley v. Spring Valley Coal Co.

1. REPEALS—*By Implication Not Favored.*—The law does not favor repeals by implication, and where there are two statutes on the same subject, the earlier continues in force, unless the two are clearly inconsistent with, and repugnant to each other, or unless, in the latter statute, some express notice is taken of the former, plainly indicating an intention to repeal it.

2. POLICE POWER—*State and Municipal Authorities May Exercise, Jointly.*—The grant of power to a city to make police regulations does not withdraw original jurisdiction on these subjects from the State. In matters of this nature the State and municipal authorities have concurrent jurisdiction.

3. WEIGHTS AND MEASURES—*City Ordinance as to, Not Repealed by State Law in Regard to Mine Inspectors.*—The act of 1895, whereby the mine inspectors of the State were made *ex officio* inspectors of weights and measures of coal in their respective districts, does not operate to repeal, either in whole or in part, a city ordinance providing for the appointment of a city inspector of weights and measures, and prescribing his duties.

4. SAME—*An Ordinance in Regard to, Sustained.*—An ordinance providing for the appointment of an inspector of weights and measures, prescribing his duties and establishing rules as to the use of weights and measures, is considered by the court, and held to be reasonable and a proper exercise of the power of the city.

5. DEMURRERS—*General and Special.*—Where special grounds of demurrer go to the substance of a declaration and not to its form, the demurrer amounts to a general demurrer and will be so treated.

**Debt,** for a penalty. Error to the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

J. L. MURPHY, attorney for plaintiff in error.

ALFRED R. GREENWOOD, attorney for defendant in error.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of debt brought by plaintiff in error, to recover a penalty for the alleged violation of an ordi-

nance of the city of Spring Valley, in relation to the inspection of weights, measures and food. So much of the ordinance as is necessary to be considered in determining questions involved in this case is as follows:

" Be it ordained by the city council of the city of Spring Valley:

1. There is hereby created the office of inspector of weights, measures and food. He shall hold his office for the term of two years and until his successor shall be elected and qualified; said inspector shall be elected at the general city election in the year 1895, and biennially thereafter, by a vote of the legal voters of said city, the same as the mayor and other elected officers.

2. That there shall be a regulation of weights and measures in said city, and the standard adopted by the State of Illinois shall be the test by which they shall be compared and determined.

3. That the city council of said city shall procure correct and approved standards, with their necessary subdivisions, together with the proper beams and scales for the purpose of testing and proving by said standards the weights and measures used in said city.

4. It shall be the duty of said inspector once every six months to examine and test the accuracy of all weights, measures, scales or other instruments or things used by any person, firm or corporation for weighing or measuring any article or commodity for sale, or of which the manufacture or production or labor connected therewith is paid for by weight or measurement of the commodity produced or manufactured in said city; to stamp with a suitable seal, to be furnished by the city council of said city, all weights, measures, scales, instruments and things so used which he may find correct, and deliver to the owner thereof a certificate of their accuracy; to cause the owner of any weights, measures, scales or things so used which he may find incorrect on such inspection, to have same corrected and made conformable to said standard. Any person, firm or corporation that shall refuse to exhibit to said inspector any

weights, measures, scales or other instruments used for weighing or measuring as aforesaid for the purpose of examination or inspection, as provided in this ordinance, or who shall refuse him access to the same in any place where the same shall be, or who shall otherwise obstruct him in the discharge of his duty hereunder shall, upon conviction, be fined not less than ten dollars nor more than fifty dollars for every offense.

5.  All such weights, measures, instruments and things, beams and scales, found not to conform to the standard of the State of Illinois, shall be condemned by said inspector and shall not be again used until repaired or adjusted and tested by said inspector, and found to conform to said standard. Any person convicted of violating the provisions of this section shall, upon conviction, be fined not less than five dollars nor more than fifty dollars for every offense.

6.  Every person, firm or corporation using any such weights, measures, scales, beams or other instruments for the purpose of weighing or measuring as aforesaid, which have been examined, certified and sealed as aforesaid, shall not alter the same, or knowingly permit the same to be altered or to become inaccurate; or knowingly cause the same to weigh or measure incorrectly; and shall at any time upon the application of said inspector, permit him to examine and test the same for the purpose of ascertaining whether the same have been altered or become inaccurate, or caused to weigh or measure incorrectly. Any person, firm or corporation that shall be convicted of violating the provisions of this section or any part thereof shall, upon conviction, be fined not less than three dollars, nor more than one hundred dollars for every offense.

7.  It shall be the duty of said inspector to make and keep in a book furnished by the city council a regular register of all weights, measures, scales, beams, steelyards or other instruments inspected and tested by him, in which he shall state the names of the owner or owners of the same, and whether or not they were found conforming to the standard aforesaid, and the date of the certificate, if any, issued thereon.

8. It shall be the duty of said inspector whenever he may have reason to suspect the existence of false or incorrect weights, measures, scales, beams, steelyards or other instruments as aforesaid being in use in said city, or upon the written complaint of any reputable citizen of said city informing him of the existence thereof, to make immediate search for the same, and it is hereby made his duty to prosecute all persons violating this ordinance or any section thereof, by making proper complaint before any court having jurisdiction of the matter as otherwise prescribed under the ordinances of this city and the laws of the State of Illinois.

9. It shall be the duty of said inspector, within five days after his semi-annual inspection as aforesaid, to publish in the newspaper selected by the city council to publish the ordinances of said city, a notice stating that he has made such semi-annual inspection, and notifying all persons, firms and corporations who shall or may after said inspection and before the next succeeding semi-annual inspection, use, as aforesaid, any weights, measures, scales, beams or other instruments for weighing or measuring as aforesaid any article or commodity in said city, and which may not have been so examined as aforesaid, to bring, or cause to be brought to a place in said city designated in said notice, all such weights, measures, scales or other instruments not examined as aforesaid, and which may be susceptible and capable of removal to such place for the purpose of examination and inspection; and the said owner or owners of any such instrument as is not capable or susceptible of removal as aforesaid, shall notify said inspector of the place and situation of such beam, scales or other instrument not so capable of removal as aforesaid, and it shall thereupon be the duty of said inspector to go to said place and inspect and test said beam, scale or other instrument as provided in this ordinance; and any person, firm or corporation who, after the publication of the notice above mentioned, shall not, within ten days after commencing to use such beam, scale or other instrument, comply with the requirements of

this section shall, upon conviction, be fined not less than three dollars nor more than fifty dollars for every offense.

\*       \*       \*       \*       \*       \*       \*

17.   Whoever shall directly or indirectly resist, obstruct or otherwise interfere with said inspector in the legal discharge of his duties, shall upon conviction in cases where no other penalty is prescribed by the ordinance of said city, be fined not less than $25 nor more than $100 for each such offense.

18.   The said inspector shall receive as his compensation, a salary of $50 per month; and in addition to such salary he shall be allowed to collect and receive from the owners of articles and instruments tested and sealed by him the following fees of office :

For inspecting, sealing and certifying to the accuracy of platform scales of 5,000 pounds or upwards, including weights, $3; scales less than 5,000 pounds and exceeding 1,000 pounds, including weights, $1; of less denominations, including weights, 50 cents each; for inspecting and sealing large beams weighing 1,000 pounds and upwards, including weights, 50 cents; for inspecting, sealing and certifying to the correctness of scales smaller than above stated, 15 cents each; counter scales, including weights, 15 cents; for comparing and sealing any measures, bushel 10 cents; smaller measures 5 cents; for inspecting, testing and certifying to the correctness of any scales which shall be the property of and controlled by the city as a public scale, he shall do the same free of charge.

19.   Said inspector shall devote all his time to the duties pertaining to his office under the laws of this State and the ordinances of this city; he shall have an office or headquarters at the city hall building in this city, and shall attend at such headquarters from time to time for the transaction of business or matters pertaining to his office on every day of the year except Sundays and legal holidays."

Which ordinance was passed and approved March 11, 1895.

The declaration contained one count, setting out the entire

ordinance in *haec verba*, but as sections numbered 10 to 16 both inclusive, relate only to the inspection of food, and have no bearing upon the questions involved, we have omitted them. It was averred in the declaration that on the 16th day of July, 1895, the defendant in error owned and operated in said city two large scales, for the purpose of weighing coal mined by certain miners in a mine in said city, so that the miners could be paid for such mining at a certain agreed price per ton, and for the purpose of selling said coal by weight, as so weighed. It was further averred that one E. A. Franckey, who was then and there the inspector of weights, measures and food in said city, did on the 16th day of July, 1895, inspect and test both of said scales, ascertained that they did not weigh accurately, and were not conformable to the standard of the State of Illinois as adopted in and by said ordinance, stamped and marked the same "condemned" and so notified defendant in error; and avers that on one hundred distinct occasions, and on every day between the 16th and 25th days of July, A. D. 1895, defendant in error weighed coal on said scales without having the same repaired or adjusted by said inspector, and on every one of said occasions did violate said ordinance and particularly section 5 thereof. The declaration also counts for a failure to pay the inspector's fees for various inspections of scales alleged to have been made by him as such inspector, averring that defendant in error did thereby resist, obstruct and interfere with said inspector in the legal discharge of his duties under said ordinance, and did thereby violate said ordinance and particularly section 17 thereof, to the damage of the plaintiff of $1,000.

To this declaration defendant in error filed a special demurrer, assigning as grounds of demurrer the following, to wit:

1st. The ordinance of the city of Spring Valley set out in said declaration is in conflict with the law of this State.

2d. The said ordinance is special and not general in its application.

3d. It contravenes common rights.

4th.   It is unreasonable and therefore void.

On a hearing of the demurrer it was sustained, and the plaintiff in error electing to stand by its declaration, judgment was rendered against it for costs of suit, and it brings the cause here on writ of error.

While numerous errors are assigned, the only question argued is, as to whether or not the court erred in sustaining a demurrer to the declaration, and this is the only point we deem it important to consider.

We must take judicial notice that the city of Spring Valley is a municipal corporation incorporated under the general law of this State.   City of Rock Island v. Cuinely, 126 Ill. 408.

Among the powers conferred on such corporations, are the following :

" To provide for the inspection and sealing of weights and measures."

" To enforce the keeping and use of proper weights and measures by vendors."   (See sections 55 and 56, Art. V, Chap. 24 R. S., 1 Starr & Curtis, 469.)

It would seem clear, and in fact it is not denied, that these provisions of the statute are broad enough to warrant the city in adopting the ordinance in question (except as to some points wherein it is claimed to be unreasonable), but it is contended by defendant in error that this ordinance has been repealed and abrogated by an act of the legislature passed June 4, 1895, and in force July 1, 1895, whereby mine inspectors of this State were made *ex officio* inspectors of weights and measures of coal in their respective districts, and they were empowered, and it was made their duty to test the scales used in such district to weigh coal mined in coal mines, or sold, at least once in every six months, to ascertain whether the scales were accurate, and to report any defects or irregularities in such scales to the mine owner, and direct the same to be at once properly adjusted or corrected.   And by the second section it was provided that if the owner or operator should refuse to allow such inspectors to properly test the scales used at such mines, or

shall fail or refuse to put such scales into proper condition to correctly weigh coal, upon being notified so to do by such inspector, such owner or operator shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not exceeding $500, or confined in the county jail not exceeding six months, or both, in the discretion of the court. And it was made the duty of State's attorneys to prosecute for any violation of the act in their respective counties. Session Laws 1895, p. 255.

The defendant in error insists, and the court below held, that this act of the legislature worked a repeal of the city ordinance, so that the latter is no longer in force or of binding effect, so far as scales at mines are concerned. If this position is correct, plaintiff in error has no case, and the demurrer was properly sustained to the declaration.

It is to be observed that the act of the legislature itself contains no words of repeal, nor does it in any way purport to interfere with or limit the powers of municipal corpora-tions to pass and enforce police regulations of the character in question. It follows that if so much of the ordinance as relates to testing scales at mines is repealed by the act of the legislature, such repeal arises or is effected only by implication of law. " It is a maxim in the construction of statutes, that the law does not favor a repeal by implication. The earliest statute continues in force, unless the two are clearly inconsistent with and repugnant to each other, or unless in the latest statute some express notice is taken of the former, plainly indicating an intention to repeal it. And when two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication." The Town of Ottawa v. The County of La Salle, 12 Ill. 339, and authorities there cited.

In an earlier case it was said: " The doctrine of repeal by implication is not favored by the law, and is never resorted to except when the repugnance or opposition is too clear and plain to be reconciled." Bruce v. Schuyler et al., 4 Gilm. 221. And again in The People ex rel. v. Brayton,

94 Ill. 341, the court say : " To repeal a statute by implica-
tion there must be such a positive repugnance between the
provisions of the new law and the old that they can not
stand together or be consistently reconciled."

The law is so well settled upon this proposition, that fur-
ther citation of authority is unnecessary.

The material question presented for our consideration,
therefore, is whether or not there is such a repugnancy or
inconsistency between the city ordinance and the act of the
legislature, as necessarily requires us to hold that the
former is repealed by implication.  After a careful examin-
ation of the ordinance and the statute, and a comparison
between the two, we have been unable to come to the con-
clusion that such repugnancy exists as to prevent their both
standing together.  The ordinance is a mere police regula-
tion of the city which it had full power under the general law
to adopt.  It is general in its nature, operating alike upon
all classes of persons within the city using weights and
measures or dealing in food.  An action for its violation is
nothing more than a civil proceeding to collect a penalty.
The statute is special, applying only to mine owners or
operators and their agents in all parts of the State.  It is
in its nature criminal, and a prosecution under it would be
by indictment or information.

Cities have power under the general law to pass ordi-
nances to suppress bawdy and disorderly houses, gaming
and gambling houses; to license, regulate and prohibit the
sale of intoxicating liquor; to prevent intoxication, fighting
and all disorderly conduct, and many other police regula-
tions.  In matters of this nature, the State and municipal
authorities have concurrent jurisdiction, and in the absence
of a prosecution by the city, the State may interfere.  It
has never been held, so far as we are aware, that the grant-
ing of these powers to municipal authorities withdrew
original jurisdiction upon these subjects from the State.
The contrary doctrine was held in Seibold v. The People,
86 Ill. 33.

It is true that in the case at bar, the city ordinance and the

statute differ in the maximum and minimum penalties imposed, but we do not think that fact necessarily creates such a conflict between the two that they can not stand together.

Nor do we think there is any force in the argument that the city inspector and the State inspector may not be in harmony in their tests and inspection of scales, nor that the city inspector may so act as to create an unnecessary burden upon mine operators within the city of Spring Valley. We must presume that these officers will only do their duty, and if they do, there can be no want of harmony. There can be only one correct standard, and that is provided for by general law. Chap. 147, Revised Statutes (2 Starr & Curtis, 2461). By this law the secretary of state is the State sealer of weights and measures, and county clerks are county sealers. It is made the duty of county clerks, as such sealers, when requested so to do, to try and prove all weights and measures, scales and beams, and when found to conform to the correct standards, to mark such weights and measures with a seal to be kept for that purpose. And a penalty is provided for selling or buying by any other weights or measures than such as conform to the proper standard. Here there is a law of the State, in force for many years, which provides a still different penalty from the city ordinance or the act of 1895, general in its nature and broad enough in its terms to include scales at coal mines, and by the same reasoning which insists upon a repeal of the ordinance, this law, so far as it affects scales at coal mines, must also be held to be repealed by implication. In the absence of any evidence in the act of 1895, of a legislative intent, to repeal former laws or ordinances upon the same subject, we are unwilling to adopt a construction which would bring about such a result. Should there be any conflict between the inspections made by the city inspector and the State inspector, an application to the county sealer, who has in his custody the correct State standards, would settle any controversy which might arise. But we think any difficulty of that nature is more imagin-

ary than real. We do not see that the ordinance is unreasonable.

Our conclusion is, that the city ordinance was not superseded or to any extent repealed by the act of 1895, but still remains in full force.

We think the court should have overruled the demurrer to the declaration. While it may have been somewhat defective in manner of statement, yet the special grounds of demurrer were to the substance of the declaration, and not to its form, and hence amounted only to a general demurrer, and under such a demurrer we think the declaration was sufficient.

For the reasons given the judgment will be reversed and the cause remanded.

DIBELL, J., took no part.