**Patrick H. O'Donnell, Administrator, Appellee, v. The Riter-Conley Manufacturing Company and The Columbia Malting Company, Appellants.**

### Gen. No. 16,990.

1. BUILDING REGULATIONS—*Chicago ordinance.* The Act of 1907, providing for the protection and safety of persons constructing buildings, does not repeal section 204 of the Building Ordinance of the City of Chicago, imposing duties on owners and contractors of buildings in furtherance of the protection of employees.

2. ABATEMENT—*statutory proceedings.* Actions for personal injuries based upon an ordinance or act and pending at the date of its repeal are not ended thereby.

3. PLEADING—*aider by verdict.* A declaration in an action for death which does not directly set up facts showing a duty owed to plaintiff's intestate, but which alleges that defendant was engaged in the erection of a building and failed to comply with a duty imposed by an ordinance relative to laying floors, and that the plaintiff's intestate while in the necessary performance of his duty and while exercising due care and diligence for his own safety was thrown from the fifth floor of such building, where the floors were not in compliance with the ordinance, and was killed, is cured after verdict.

4. PLEADING—*aider by verdict.* Where a declaration omits a matter necessary to be proved but contains terms sufficiently general which by fair and reasonble intendment include such matter, and without proof of which the jury could not have given the verdict, such defect is cured after verdict.

5. DEATH—*habits of deceased.* In a suit to recover for the death of a person, caused by a fall from a building under construction, it is not error to receive evidence that the deceased was a careful man where no one saw him fall or knew the cause thereof.

6. APPEALS AND ERRORS—*saving questions.* The objection that an ordinance was improperly admitted in evidence, because the certificate attached thereto did not show that it was published in a newspaper as required by statute, cannot be raised for the first time in the Appellate Court.

7. MASTER AND SERVANT—*protecting floors.* Section 204 of the Building Ordinance of the City of Chicago imposes the duty, to lay protecting floors, upon both the owner and the contractor.

8. MASTER AND SERVANT—*evidence.* A verdict based on a finding that plaintiff's intestate was not guilty of contributory negligence and that defendant's failure to put down a floor as required by an ordinance was the proximate cause of the accident, is sustained by the evidence where it appears that deceased fell while passing along a poorly constructed runway, that it might have been necessary to pass along such runway, that there was no eyewitness to the accident, that deceased was a careful man, and that the accident would not have happened had the ordinance been complied with.

9. NEGLIGENCE—*when proximate cause a question of law.* The question of proximate cause becomes a question of law only where the facts are clear and such that there could be no difference, in the judgment of reasonable men, as to the inference to be drawn therefrom.

10. NEGLIGENCE—*proximate cause.* To constitute proximate cause the injury must have been such as an ordinarily prudent person ought to have foreseen and must be the natural and probable consequence of the negligence.

11.   MASTER AND SERVANT—*assumed risk.* Where an ordinance imposing a specific duty for the protection of employees is violated, an employe does not assume the risk of injury resulting from such breach of duty by continuing at work with knowledge thereof.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

S. M. MEEK and S. LEONARD BOYCE, for appellants.

No appearance for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

Upon a third trial, appellee recovered judgment against appellants for $5,000 for wrongfully causing the death of Jeremiah Hennessy, on October 28, 1898, and this appeal is brought to reverse that judgment.

The Riter-Conley Manufacturing Company was one of the contractors in the erection of a grain storage elevator in Chicago for the Columbia Malting Company, but the contract covered the furnishing of all materials and labor for an "elevated working house" and three steel storage tanks. The foundations, the mason and concrete work, and divers other parts of the work were not included in the contract. The Riter-Conley Company had sublet the work of erecting certain of the steel columns to one F. J. Lynn. Shortly prior to the date of the accident, Lynn had given up his contract, but was induced to continue the same work under the direction of the manufacturing company's superintendent. The construction of the building had proceeded to the fifth floor, which was about seventy feet from the ground. For the purpose of setting up the steel columns and beams, a derrick was used, which was held in place by guy ropes. Around the foot of the derrick, and in its vicinity, were some planks for the workmen to walk upon, but no com-

plete floor, either temporary or permanent, was placed on any of the floors except the first. Desiring to move the derrick, Lynn directed the deceased to loosen one of the guy ropes while he loosened another. They started in different directions. Lynn heard a cry, and on looking around, saw Hennessy falling through the building. The deceased had apparently walked to one side of his direct route to the guy rope. No one saw him at the moment he began to fall, nor during the interval from the time Lynn told him to loosen the guy rope to the time when Lynn saw below him the falling body. Lynn testified that there was "not a good walk" at the place from which Hennessy apparently fell.

The first count of the declaration, after stating that the Columbia Malting Company was the owner of the building and the Riter-Conley Manufacturing Company was a contractor and builder engaged in the erection thereof, recites section 204 of the Building Ordinance of the City of Chicago, the material portion of which is as follows: "It shall be the duty of all owners, contractors and builders, and all persons who shall have the supervision or control of the construction or remodeling of any building more than thirty feet high, to put in and lay upon the upper sides of the joists or girders of each story in any building, as soon as the joists or girders are laid, a good and substantial temporary or permanent floor for the protection of employes or all persons engaged in and upon the construction of said building, wherein no unprotected opening shall be left; and it shall be unlawful to place or put the joists or girders up of another story until each lower floor is thus laid." A penalty of from $100 to $200 per day is fixed for each violation of the ordinance. The count then avers that while Hennessy "with all due care and diligence for his own safety, and in the necessary performance of his duty, and while working upon the fifth story of the said building,

then and there being erected by the said Riter-Conley Manufacturing Company, contractors and builders for the said Columbia Malting Company, the owners as aforesaid, the said structure being at the time more than thirty feet high, and while the said structure was not protected by the putting in or laying upon the upper sides of the joists or girders of each of the said stories of the said building as soon as the said joists or girders were laid, of a good and substantial temporary or permanent floor, for the protection of employes and all other persons engaged in and about the construction of the said building, as by the ordinance provided, was then and there thrown with great force and violence from the fifth floor of the said building to and upon the ground there, and was thereby then and there killed.'' The second count is substantially the same without, however, reciting the ordinance in full. To the declaration was filed a joint plea of the general issue, and another of the Statute of Limitations.

Upon the second trial, the trial court directed a verdict for the defendants, and on appeal to the Appellate Court, the judgment rendered thereon was reversed and remanded. O'Donnell v. Riter-Conley Mfg. Co., 124 Ill. App. 544. The Appellate Court there held that the ordinance is a valid exercise of the police power of the city, having for its object the prevention of a manifest evil and the safety of all persons employed in the erection of buildings; that it was within the power of the common council to pass, is reasonable, and is, therefore, law within the corporate limits of the city. It also held that proof of a violation of such ordinance, and personal injury directly resulting therefrom, makes a *prima facie* case of negligence, for which an action will lie, and that the evidence tended to prove such negligence and injury, and the absence of contributory negligence by the deceased. There was no substantial difference between the evidence

heard upon the second trial and upon the third. The questions decided by the Appellate Court in the case mentioned must, therefore, be considered as settled.

It is first contended that the ordinance in question was repealed by the act of June 3, 1907, providing for the protection and safety of persons constructing buildings, and that all suits based upon the ordinance and pending at the date of such repeal are ended thereby. We think neither branch of this contention is sound. The Act of 1907 is in no way inconsistent with or repugnant to the ordinance in question, and where such is the fact, the ordinance is not repealed by the statute. City of Spring Valley v. Spring Valley Coal Co., 71 Ill. App. 432. Counsel have cited as authority for the second branch of the contention several early cases holding that prosecutions under a *penal* ordinance are ended by the repeal of the ordinance. This is not such a prosecution; and if it were, the old rule was changed by statute in 1874. Section 4 of Chapter 131 (Rev. Stat. Ills.) provides that no new law shall be construed to repeal a former law ''as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law.'' This section has been construed to mean just what it says. Farmer v. People, 77 Ill. 322; Roth v. Eppy, 80 Ill. 283; People v. Zito, 237 Ill. 434. Actions brought under statutes *conferring* jurisdiction, or providing a special statutory remedy, like Vance v. Rankin, 194 Ill. 625, are not here involved and are clearly distinguishable in principle from cases like the present. Jefferson Theatre Program Co. v. Crejczyk, 125 Ill. App. 1, 10.

It is next urged that the declaration does not state a cause of action, in that no facts are set up showing that the defendants owed any duty to plaintiff's intestate. The declaration contains general averments showing that defendants were engaged in the erection

of a building; that the city ordinance made it the duty of all owners, contractors and builders to lay a temporary or permanent floor upon the upper side of the joists or girders of each story as soon as laid in each story, and making it unlawful to put up any joists above until such floor is laid; that while the plaintiff's intestate was working upon the fifth story of said building, with all due care and diligence for his own safety, and in the necessary performance of his duty, the building being at that time more than thirty feet high, and without any such floors as the ordinance required, he was thrown from the fifth floor of the building to the ground, and killed. It may be that this declaration would be obnoxious to a demurrer, but we think the language of the declaration embraces within its general terms, by fair and reasonable intendment, all the facts necessary to complete the defective statement of the plaintiff's cause of action. "On demurrer a declaration is construed against the pleader, but after verdict, all intendments and presumptions are in its favor. If a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proved, and without proof of which the jury could not have given the verdict, the want of an express averment of such matter is cured by the verdict." Sargent Co. v. Baublis, 215 Ill. 428, 430.

It is also urged that the court erred in permitting Lynn to testify that the deceased was a careful man. Lynn had just before stated that he did not see what caused the deceased to fall, and was not sure as to the exact position from which he fell; and there was no eyewitness who could testify just what the deceased was doing immediately before he fell, or how he came to fall. Under these circumstances, we think the evidence was properly admitted. C. & A. R. R. Co. v. Wilson, 225 Ill. 50; Stollery v. Cicero Street Ry. Co., 243 Ill. 290.

It is urged that the ordinance was improperly admitted, because the certificate attached thereto does not show that it was published in a newspaper published in the City of Chicago. We do not find that this objection was raised in the trial court. It was a mere variance at best, and could have been remedied if the objection had been made on the trial. Appellants cannot raise the objection for the first time in this court.

It is next contended that the owner is not liable in any event, because (it is said) the building was in charge of an independent contractor, and we are referred to the case of Gibbons v. Chapin & Gore, 147 Ill. App. 575, as supporting this contention. That case is certainly in point, and was decided upon a consideration of the same ordinance which is involved in this case. Our Supreme Court, however, in the later case of Claffy v. Chicago Dock Co., 249 Ill. 210, had occasion to construe the act of June 3, 1907 (Hurd's Stat. of 1909, chap. 48, p. 1098), which appellants' counsel insist covers the same ground and was intended to remedy the same evils, as the ordinance here in question. Section 6 of the Act of June 3, 1907, contains language which is very similar to that part of the ordinance here involved. Section 7 provides that "the contractors or owners" shall cause elevators in buildings under construction to be enclosed or fenced by substantial barriers or railings; and in the Claffy case, *supra,* it was contended that the duty of complying with the statutory requirements was imposed upon the contractor and not upon the owner. The Supreme Court, after mentioning the construction placed upon a similar statute by the Court of Appeals of New York, said: "In our opinion, it was intended by section 7 to, and said section 7 does, impose upon *both the contractor and the owner* the duty of complying with the provisions of said section, so far as civil liability is concerned." It is true that in that case

the court further states that the fact there was, that there was no general contractor having a contract for the construction of the entire building, but separate contracts were let to different contractors for the different kinds of work to be done. Nevertheless, as we read the opinion, the court did not intend to make that question of fact controlling in the construction placed by it upon the statute above quoted. The fact that there were separate contracts was only cited as an additional argument going to show that the contention made in that case could not even be sustained on the facts. The same condition exists here. It appears from the contract offered in evidence, that the Riter-Conley Manufacturing Company was not the only contractor, for its contract expressly excepts the mason and concrete work, some of the doors and windows, and the "elevator legs," so that if any distinction was intended to be made on the facts by the Supreme Court in the Claffy case, the facts in this case, as well as the language of the ordinance, bring this case squarely within the reasoning of the court in that case. In view of this decision of the Supreme Court, we are not at liberty to follow the case cited from 147 Ill. App. Reports, *supra,* but must hold that the ordinance imposes the duty to lay protecting floors upon both the owner and the contractor. A similar construction was placed by the Supreme Court upon the fire escape statute, which made it the duty of "owners, lessees or occupants" to construct such fire escapes. Landgraf v. Kuh, 188 Ill. 484; Arms v. Ayer, 192 Ill. 601; Streeter v. Western Scraper Co., 254 Ill. 244. It may also be said, in passing, that in this case, the contract provides that the architect shall also be the superintendent of the work, and the owner reserves the right to make such alterations or changes in the character and extent of the work to be done as he may see fit, without affecting the contract.

It is urged that the verdict is not sustained by the

evidence. It is said that appellants' failure to put down a floor as required by the ordinance was not the proximate cause of the accident; that if Hennessy had not heedlessly gone out of his way, the absence of a floor would have done him no harm, and that he was therefore guilty of negligence contributing to his injury. These are questions of fact. The question of proximate cause only becomes a question of law when the facts are not only clear, but are such "that there can be no difference, in the judgment of reasonable men, as to the inferences to be drawn from them." I. C. R. R. Co. v. Siler, 229 Ill. 390. "To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence." Seith v. Commonwealth Electric Co., 241 Ill. 252, 259. It is clear from the evidence, that but for the appellant's failure to comply with the ordinance the accident could not have occurred. The act of Hennessy, in going to or passing by, or over, the unprotected place, was a natural act, and one which, with its probable consequences, appellants ought to have foreseen and guarded against. The injury was the natural and probable consequence of appellants' negligence, and its character was such that it should have been anticipated. In I. C. R. R. Co. v. Siler, *supra,* a woman was burned to death while endeavoring to put out a fire caused by sparks from the railroad company's locomotive; and it was urged that her own act, and not that of the defendant, was the proximate cause of the accident. But the court said: "The voluntary act of decedent * * * was not a new and independent cause intervening between the wrong and the injury or disconnected from the primary cause and self-operating, but was itself the natural result of appellant's original negligence."

Whether decedent exercised due care or was guilty

of contributory negligence is to be determined from all the circumstances in evidence; with other circumstances, it was proper for the jury to take into consideration the habits of the deceased and "what are known as the instincts of self-preservation." C. & A. Ry. Co. v. Wilson, *supra.* We are unable to find any evidence in the record justifying the assertion so frequently made in the argument of appellants' counsel, that the place towards which Hennessy turned when last seen by Lynn, was obviously and "glaringly" dangerous to one accustomed, as decedent was, to working upon steel buildings at dizzy heights. It is true that Lynn said that there was a safe "runway" of planks leading directly to the place where the guy rope was tied, over which Hennessy might, perhaps, have walked in safety (though this conclusion is pure inference) and that there was "no good walk" in the direction taken by him; but it does not necessarily or manifestly follow from that statement alone that the deceased did not act as a reasonably prudent man of his skill and experience would have acted under like circumstances. There was evidence that there was a high wind blowing at the time. This may have influenced his decision to take the route he did take. He might have intended to adjust the planks before moving the derrick. The jury had the right to draw reasonable inferences from the evidence, and both or either of such inferences would account for his departure from the straight path to the guy rope, and relieve him from any imputation of negligence in so doing. Under these circumstances, we are unable to say that the verdict is manifestly against the weight of the evidence, nor that the jury were not justified in finding the issues of proximate cause and contributory negligence in favor of the plaintiff.

It is also contended that the decedent assumed the risk of injury by continuing to work where he did, with knowledge that the ordinance intended for his

protection was being violated or ignored. Counsel say that he must be presumed to know the law and to know that he was participating in its violation in putting up iron columns and beams under the direction of appellants without a floor beneath. This raises the serious question in this case, viz: Can a master employ a servant to do an act in a manner forbidden by an ordinance designed for the servant's protection, and when sued for damages for a personal injury directly resulting therefrom, be relieved from liability by invoking the principle that the injured employe assumed the risk by his contract of employment? The point raised that decedent's participation precludes recovery is necessarily involved in the answer to this question.

In the recent case of Streeter v. Western Scraper Co., 254 Ill. 244, the Supreme Court held that where a statute or an ordinance is passed, the object of which is to provide for the safety of employes, and which imposes upon the master the absolute duty of furnishing safeguards, the duty so imposed cannot be delegated to another, nor can the master contract against his neglect or failure to perform it; and that in such cases, the servant does not assume the risk by continuing at work, with knowledge of the failure of the master to perform the duty thus imposed upon him. "If the employe must assume the risk of the employer's violation of the statute the act is a delusion so far as the protection of the former is concerned. He is in the same condition as before it was passed.   *   *   * The more completely the master has neglected the duty imposed upon him by statute for the servant's protection the more complete is his defense for the injury caused by that neglect. Justice requires that the master, and not the servant, should assume the risk of the master's violation of the law enacted for the servant's protection."

A valid ordinance has the force of law within the

limits of the municipality passing the same. In the Streeter case, *supra*, the court, in distinguishing that case from the case of Browne v. Siegel, Cooper & Co., 191 Ill. 226, in which the negligence charged was a failure to comply with an ordinance requiring all elevator shafts to have iron doors opening from the inside only, said that the ordinance in that case did not impose a specific duty for the protection of employes, but was an ordinance passed in the interest of the public generally; thus plainly intimating that if an ordinance is one that imposes a specific duty for the protection of employes, it will have the effect of requiring the master, instead of the employe, to assume the risk of the master's violation of such ordinance. The ordinance violated in this case is clearly of that character. It expressly makes it the duty of all owners, contractors and builders, in constructing or remodeling buildings more than thirty feet high, to lay upon the joists or girders of each story as soon as the same are put in, a "floor *for the protection of employes* or all persons engaged in and upon the construction of said building." The duty imposed, and its object, are so clearly expressed as to be beyond dispute; and this was the construction given it by the Branch Appellate Court in O'Donnell v. Riter-Conley Mfg. Co., *supra*. We conclude, therefore, that the decedent did not assume the risk of injury resulting from the negligence of appellants in failing to comply with the ordinance regarding the laying of floors as the work progressed, by continuing at work with knowledge of such violation.

Objections are raised to a number of the refused instructions, but after having given them due consideration, we think the court did not err in refusing any of such instructions, for the reasons stated in the foregoing opinion.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*