**WELLSTON FIRE PROTECTION DISTRICT OF ST. LOUIS COUNTY, a Municipal Corporation, Plaintiff-Respondent,**

v.

**STATE BANK AND TRUST COMPANY OF WELLSTON, a Corporation, Defendant,**

**City of Wellston, a Municipal Corporation, Defendant-Appellant,**

**Leo J. Hayes and Myron Stiles, Defendants.**

No. 29246.

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1955.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 13, 1955.

Not to be reported in State Reports.

T. Douglas Moore, Clayton, for Wellston Fire Protection Dist. of St. Louis County, a Municipal Corporation, plaintiff-respondent.

Wm. J. Becker, Clayton, for City of Wellston, a Municipal Corporation, defendant-appellant.

Paul Taub, Overland, for West Overland Fire Protection Dist. of St. Louis County, amicus curiae.

Detjen & Detjen, Clayton, for Affton Fire Protection Dist., a Municipal Corporation, amicus curiae.

MATTHES, Judge.

The City of Wellston has appealed from the judgment of the Circuit Court of St. Louis County, Missouri, in this action for a declaratory judgment. Wellston Fire Protection District instituted this suit to obtain a judgment, (1) construing the authority, rights, and obligations of the parties by virtue of a controversy existing between them; (2) that Section 321.220, RSMo 1949, Vernon's Annotated Missouri Statutes authorizes and permits said district to regulate by ordinance all construction of structures and buildings within the confines of said district; (3) that Ordinance No. 1 adopted by the Wellston Fire Protection District is valid and within the scope of the powers and authority granted fire protection districts by Chapter 321 RSMo 1949, V.A.M.S.; (4) enjoining defendants Hayes and Stiles, the police, and other agents and officers of the City of Wellston from interfering with lawful activities of the plaintiff. For the sake of convenience and brevity we shall hereinafter refer to the City of Wellston as appellant or city, and the Wellston Fire Protection District as respondent or district.

The separate answers of the appellant and the two individual defendants put in issue the right and authority of respondent to exercise any control over the construction of buildings or structures situated within the limits of the city, alleging that the city has exclusive authority by virtue of Section 77.500 RSMo 1949, V.A.M.S., to regulate and control such construction for any and all purposes.

The issues were submitted upon a stipulation of facts, certain documentary evidence, and the depositions of two witnesses. Pertinent to the disposition of this case are the following facts:

Respondent was duly organized as a fire protection district pursuant to Chapter 321 RSMo 1949, V.A.M.S., the decree of the Circuit Court of St. Louis County, Missouri, incorporating the district having been entered March 31, 1950. The district includes an unincorporated area, the Cities of Pagedale, Greendale, and Wellston, and the Villages of Hanley Hills, Hillsdale, and Vinita Terrace, none of which has fire protection facilities. Wellston became a municipal corporation, particularly a city of the third class, on June 6, 1949, and on June 13, 1949, enacted an ordinance whereby it attempted to adopt the building code of St. Louis County. It is further disclosed by the stipulation that the defendant bank sought and obtained a permit from the city for construction of a new bank building in the city. It refused to apply for a permit from respondent. After construction commenced, respondent posted "work stoppage notices" around the building in the process of construction, which were removed by the building commissioner and police of the city. Respondent's deputy fire marshal was arrested by the city police. And it is further revealed that the appellant, through its officers, advised the defendant bank that the ordinance of respondent was void and ineffective, and that

it should be ignored. Following that controversy this action ensued.

The trial court found and declared that Section 321.220 RSMo 1949, V.A.M.S., does not authorize respondent to regulate by ordinance all construction of all structures and buildings within the district; that respondent's right of regulation is limited "to such phases and portions of construction as directly involve fire hazards", further finding that the first paragraph of Section 102 of Ordinance No. 1 of respondent is a proper exercise of the authority extended the district by law. Injunctive relief was denied.

After the cause reached this court, leave was granted the Affton Fire Protection District and the West Overland Fire Protection District, both of St. Louis County, to appear as amicus curiae, and pursuant thereto counsel representing said districts have favored us with helpful briefs bearing upon the questions presented.

The controversy resulted from a dispute between the city and the district respecting the right to regulate and control the construction of buildings and other structures in the city for fire protection purposes. It has been the position of the appellant as disclosed by the stipulation of facts, and it still vigorously contends, that the city has the exclusive right, through the adoption of proper ordinances, to regulate and control the construction of buildings for any and all purposes; that the district, in so far as property in the city is concerned, is relegated to the sole function of fighting fires, and has no authority, express or implied, to control and regulate buildings and structures for the purpose of preventing fires. The district has maintained and now insists that by virtue of the provisions of the fire protection district statute enacted in 1947, it is vested with the exercise of police power to not only combat fires, but to enact ordinances for the prevention of and protection from fires and that this right applies to property within municipal corporations which are a part of the district. However, no exception was taken by the district to the action of the court

in denying injunctive relief, therefore that phase of the case has been abandoned.

■ In order to resolve the dispute which we have concluded presents a justiciable controversy within the meaning of the declaratory judgment act, Section 527.010 et seq. RSMo 1949, V.A.M.S., it is necessary to construe the act authorizing creation of and granting powers to fire protection districts, and we must also determine the effect of the adoption of the fire protection district law upon Section 77.500, upon which the city relies as the basic authority for the exclusive right to adopt ordinances regulating and controlling the construction of buildings for any and all purposes.

■ It is elementary that one of the basic rules of construction of a statute is to first seek the intention of the lawmakers, and if possible to effectuate that intention. The law favors constructions which harmonize with reason, and which tend to avoid unjust, absurd, or unreasonable results. Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 253 S.W.2d 832; Union Electric Co. v. Morris, 359 Mo. 564, 222 S.W.2d 767, loc. cit. 770. And this court should, in construing the act in question, seek to arrive at the intention of the Legislature as disclosed, in part at least, by the objectives of the legislation. In re Duren, 355 Mo. 1222, 200 S.W.2d 343, loc. cit. 352; State ex rel. Gerber v. Mayfield, Mo.Sup., 281 S.W.2d 295.

■■ The matter of affording fire protection for the safety of its citizens comes properly within the police powers of the state. State ex rel. Fire District of Lemay v. Smith, 353 Mo. 807, 184 S.W.2d 593, loc. cit. 595; Kalbfell v. City of St. Louis, 357 Mo. 986, 211 S.W.2d 911, loc. cit. 916. That the state may confer the exercise of police power upon a municipal corporation is so well settled and elementary as to render unnecessary the citation of authorities in support of that principle. It seems to be equally well settled, notwithstanding appellant's vigorous insistence to the contrary, that the state may withdraw municipal

police power, engage in the exercise thereof itself, or provide that another agency such as a political subdivision may be created and have power and authority to exercise such police power. This rule is announced by no less an authority than McQuillen, Municipal Corporations, 3rd Edition, Volume 6, Section 24.42, page 534. And our Supreme Court, in the case of State ex rel. Gentry v. Curtis, 319 Mo. 316, 4 S.W.2d 467, loc. cit. 470, involving Webster Groves Sewer District No. 1, said:

> "We will take judicial notice of the fact that all of these municipalities are organized under general laws, and not under constitutional delegation of power to frame their own charters. These general laws do not purport and cannot be deemed to give such municipalities the *exclusive* right to construct or own sewers within their territorial limits. Either on the theory of concurrent state and municipal jurisdiction (Spring Valley v. Spring Valley Coal Co., 71 Ill.App. 432, loc. cit. 440; State v. People's Slaughter House, etc., Co., 46 La.Ann. 1031, loc. cit. 1035, 15 So. 408), or the state's right to withdraw the police power or any part thereof from local authorities (Ex parte Cencinino, 31 Cal.App. 238, loc. cit. 243, 160 P. 167), the state may delegate the exercise of the police power to other existing agencies or create new agencies therefor (Mound City Land & Stock Co. v. Miller, 170 Mo. 240, loc. cit. 253, 70 S.W. 721, 60 L.R.A. 190, 94 Am.St.Rep. 727; Harris v. Bond Co., 244 Mo. 664, loc. cit. 690, 149 S.W. 603)."

We need not be concerned about the authority of the General Assembly under the Constitution to create or provide a statutory plan for the creation of fire protection districts. Our Constitution in no way prohibits the General Assembly from so acting, and the Supreme Court on two occasions has approved such action. State ex rel. Fire District of Lemay v. Smith, supra, declared the 1941 Act within the power of the Legislature to adopt, and State ex rel. Normandy Fire Protection District v. Smith, 358 Mo. 572, 216 S.W.2d 440, held the present law constitutional.

■ This brings us to the crux of the case, viz.: In providing a statutory plan for the establishment of fire protection districts and in conferring upon such districts the right to exercise police power, was it the intention of the Legislature to withdraw identical power and authority previously granted by it from municipalities which become a part of a fire protection district? Or was it the intention to permit both the city and district to exercise police power for the purpose of accomplishing the same objective? We find the answer to the second query in McQuillen, Municipal Corporations, where it is said:

> "It is firmly established that there cannot be at the same time, within the same territory, two distinct municipal corporations, exercising the same powers, jurisdiction, and privileges. This rule does not rest on any theory of constitutional limitation, but instead on the practical consideration that intolerable confusion instead of good government almost inevitably would attain in a territory in which two municipal corporations of like kind and powers attempted to function coincidentally." (McQuillen, Municipal Corporations, 3rd Edition, Volume 2, Section 7.08, pages 269 and 270).

Quite obviously if the city and district possessed equal authority with respect to regulating and controlling the construction of buildings for the purpose of preventing fires and protecting persons and property therefrom, a situation could result leading to "intolerable confusion". If the regulations of each dealing with requirements coincided there would be no room for confusion. But, should the two, each prompted by a sincere desire to provide protection from the hazards of fire, see fit to prescribe different requirements, making compliance with both impossible, in what predicament would the prospective builder find himself? We cannot believe the Legislature intended that a construction should be placed upon its action as reflected by the adoption of

the fire protection statute that would lead to such an unjust, absurd and unreasonable result. And it is our duty to prevent such from occurring. Laclede Gas Co. v. City of St. Louis, supra; Union Electric Co. v. Morris, supra.

■■ Reverting to Chapter 321, we observe that a fire protection district is one to supply protection against fire by any available means, Section 321.010; that such a district may include within its boundaries an entire city, Section 321.010. The act is comprehensive and broad in its scope, granting to the district and to the board of directors in its behalf, the power to issue bonds if authorized to do so by the qualified electors, Section 321.350; the power to levy and collect ad valorem taxes, Section 321.230; power and authority to adopt and amend by-laws, fire protection and fire prevention ordinances and to exercise all rights and powers necessary or incidental to or implied from the specific powers granted by the act, Section 321.220. All of which render inescapable the conclusion that the Legislature intended to, and did set up a complete plan for the primary purpose of preventing and combating fires and protection from the perils thereof within the confines and limits of such a district. Notwithstanding the lawmaking body possessed knowledge of the existence of Section 77.500 empowering cities of the third class to promulgate regulations for fire prevention, a presumption in which we are permitted to indulge, Reed v. Goldneck, 112 Mo.App. 310, 86 S.W. 1104, it acted not only to provide for establishment of districts to "supply protection against fire by any available means", but said that such a district may include within its boundaries any city, town or village, Section 321.010. Manifestly the act, and the power and authority vested in a district created pursuant thereto, embrace the same subject encompassed by Section 77.500 relating to cities of the third class, which as noted, are subject to being included in a fire protection district. This demonstrates that the Legislature intended that the provisions of Chapter 321, the later enactment, prescribe the law with respect to the same subject

covered by Section 77.500. Pogue v. Swink, Mo.Sup., 261 S.W.2d 40, loc. cit. 43, 44, and authorities there cited.

■ After analysis of the fire protection district statute, the evident purpose thereof, the broad scope of the law, the vesting of police power in a district created pursuant thereto, and the state of confusion which could be precipitated if both the city and the district attempted to function in the same field, we hold that the Legislature intended to and did withdraw the authority from the city to regulate and control construction of buildings and other structures with respect to preventing and protecting against fires and lodged that authority in the district. See Anderson v. Nick, 402 Ill. 508, 84 N.E.2d 394, in which the Supreme Court of Illinois ruled that a municipal corporation which has been delegated police powers has no privilege to continue exercising such powers after the Legislature has manifested a different intention with reference to the exercise thereof.

While our research disclosed no cases directly in point, the reasoning of our courts in cases involving related questions has not only been helpful in arriving at our conclusion with respect to the rights of the parties, but supports our position. In the case of Board of Education v. City of St. Louis, 267 Mo. 356, 184 S.W. 975, it was held that the board of education of the school district was not subject to the ordinances and regulations of the city with respect to the construction of a school building. The court apparently reached that conclusion because of the statute which expressly enjoined upon the school board the care of public school buildings, and responsibility for the ventilation and sanitary conditions. Because of such delegated authority, the court ruled the city could not enforce its ordinance which regulated the construction of buildings and which was enacted pursuant to a general statute. On the other hand, in Kansas City v. School District of Kansas City, 356 Mo. 364, 201 S.W.2d 930, it was held that the city had the right to inspect school buildings and make a charge therefor. It should be ob-

served, however, that in ruling the case the Supreme Court expressly pointed out that the state *had not vested the school district with police power.* Bredeck v. Board of Education, 213 S.W.2d 889, was decided by this court, and on transfer, by the Supreme Court, 359 Mo. 264, 221 S.W.2d 203 (styled Smith v. Board of Education in last opinion). In holding that the city had the right to regulate sanitary conditions of restaurants operated by the school board, both courts pointed out that the school district, *having no police power,* had not been expressly and specifically given full duty to attend to the responsibility respecting the cleanliness of restaurants and the food served therein.

Nothing we have said in this opinion should be construed as meaning that the city can exercise *no* control or regulation of the construction of buildings. For instance, the right to control or regulate the architectural design of buildings, the aesthetic feature, or the structural fitness thereof, remains in the city. Our ruling herein simply means that the city has lost the right to regulate and control the construction of buildings and structures within its limits for the purpose of preventing fires and protecting property and members of the public from the hazards thereof.

In this court, and for the first time, appellant challenges the jurisdiction of the trial court, contending that because the action was not brought by the state at the relation of the prosecuting attorney, the court lacked jurisdiction of the subject matter. This point is devoid of merit. This case in no way involved the validity of the proceeding by which the district was formed and created. For that reason alone the cases of Schmidt v. Goshen School District No. 12, Mo.App., 250 S.W.2d 834, and Spilker v. Bethel Special School District, Mo.App., 235 S.W.2d 78, cited and relied upon by appellant, are distinguishable. In disposing of the point it is sufficient to say that by the provisions of Section 321.-220(3) RSMo 1949, V.A.M.S., the district has the power and authority to "sue and be sued, and be a party to suits, actions and proceedings".

The first portion of the decree is correct and proper in principle, but does not declare the rights of the parties explicitly and clearly so as to avoid future questions and controversies. Regarding the second portion of the decree, we hold that it was unnecessary for the court to pass upon paragraph one of Section 102 of the ordinance enacted by the district. This follows because the dispute constituting a justiciable controversy did not go to the validity of the ordinance containing in all 98 sections, but rather to the right of a fire protection district such as respondent, in whose limits there is a municipal corporation, to exercise the police power of regulating and controlling buildings and other structures in such a city for the purpose of preventing fires and furnishing protection therefrom. The rule is well settled and firmly established that before the provisions of the declaratory judgment act may be invoked and pursued, there must be a legally protectable interest at stake, and the question presented must be appropriate and ready for judicial decision. Stribling v. Jolley, Mo.App., 253 S.W.2d 519.

The cause is therefore reversed and remanded with directions to enter a decree finding and declaring:

(1) Wellston Fire Protection District, St. Louis County, is vested with authority to regulate and control, by proper ordinance, the construction, repair, alteration, wrecking, moving, or dismantling of buildings or other structures within its limits, solely and only for the purpose of preventing fire and protecting property and members of the public from the hazards of fire.

(2) In the exercise of said authority the district shall have the right to inspect all buildings and structures and make a reasonable charge therefor.

(3) The City of Wellston has no right, authority, or power to exercise the powers and authority possessed by the district as set out in the two preceding paragraphs,

but in all other respects and for all other purposes the city does have and possess the authority to regulate and control the construction of buildings and other structures.

The court should further tax all costs against the City of Wellston.

It is so ordered.

SAM C. BLAIR and FRANKLIN FERRISS, Special Judges, concur.