Dear Representative Binger:
This opinion letter is in response to your question asking:
 Does a fire protection district have the power, under Chapter 321, RSMo, by a properly enacted ordinance, to require a municipality to include fire hydrants when installing water lines through the district?
The information included with your opinion request indicates that your question relates to a water line installed by a city outside of the city's boundaries and within the jurisdiction and boundaries of a fire protection district.
Chapter 321, RsMo, recites a broad delegation of powers to fire protection districts in the areas of fire protection and prevention. Section 321.220, RSMo 1986, gives the board of directors of such districts the following powers, among others:
 321.220. Powers of board. — For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:
* * *
 (12) To adopt and amend bylaws, fire protection and fire prevention ordinances, and any other rules and regulations not in conflict with the constitution and laws of this state, necessary for the carrying on of the business, objects and affairs of the board and of the district, and refer to the proper authorities for prosecution any infraction thereof detrimental to the district. . . .
* * *
 (14) To have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted herein. Such specific powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of this chapter;
* * *
In Wellston Fire Protection District of St. Louis Countyv. State Bank and Trust Company of Wellston, 282 S.W.2d 171
(Mo.App. 1955), the court examined the question of a fire protection district's authority to regulate and control the construction of buildings. In recognizing the need for certainty in this area, the court stated:
 After analysis of the fire protection district statute, the evident purpose thereof, the broad scope of the law, the resting of police power in a district created pursuant thereto, and the state of confusion which could be precipitated if both the city and the district attempted to function in the same field, we hold that the Legislature intended to and did withdraw the authority from the city to regulate and control construction of buildings and other structures with respect to preventing and protecting against fires and lodged that authority in the district.
Id. at 176. The court in Wellston indicated that the fire protection district has paramount authority with respect to fire prevention and protection.
In Community Fire Protection District of St. Louis Countyv. Board of Education of Pattonville Consolidated SchoolDistrict R-3, 315 S.W.2d 873 (Mo.App. 1958), the issue presented was whether the right of a school district to erect a school building could in any way be limited by an ordinance of a statutory fire district. The court concluded that the school district must comply with the ordinances of the fire district.
It is, therefore, the opinion of this office that a fire protection district does have the power under Chapter 321, RSMo 1986, by properly enacted ordinance, to require a municipality to include fire hydrants when installing water lines through the district.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General