Daniel J. O ’Mara, J.
The petitioner has been denied a wholesale beer license by the State Liquor Authority upon the ground that his contract for the purchase of the beer business of the sellers did not constitute a bona fide transaction. The sellers held a wholesale beer license and at the time petitioner made his application they were under investigation by the State Liquor Authority as a result of their attendance at a gathering at Apalachin, New York on November 14, 1957, there being also present at said gathering a number of men with criminal records.
According to petitioner’s contract to purchase the wholesale beer business which was being operated by petitioner’s father and uncle, the purchase price was to be $11,000. It appears further that the net profits of the seller’s beer business for the licensed year of 1957 amounted to approximately $37,000. Upon these essential facts, together with others that were brought to *730 light during the course of its investigation, .the State Liquor Authority apparently came to the conclusion that if a beer license was issued to the petitioner, the sellers would continue to operate the beer business, using the petitioner as a so-called “ front
The State Liquor Authority is authorized by statute with discretionary power to determine as to whom licenses to traffic in alcoholic beverages are to be issued, and the courts are limited to a determination in such cases as to “ whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion in the manner in which the petitioner complains”. (Matter of Stracquadanio v. Department of Health of City of N. Y., 285 N. Y. 93, 96).
In cases in which a statutory hearing is mandated, courts may determine whether there was “ substantial evidence ” to justify the action taken by an administrative agency, but in cases in which there is no right to a hearing, such as the one now under consideration, the test of legality is whether the administrative agency acted arbitrarily or capriciously. (Matter of Wager v. State Liquor Auth., 4 N Y 2d 465.)
In many respects the words ‘ ‘ arbitrary ’ ’ and ‘ ‘ capricious ’ ’ are synonymous, the word ‘ ‘ capricious ’ ’ meaning freakish, whimsical, fickle, changeable, unsteady and arbitrary, and the word ‘ arbitrary ’ ’ being defined as fixed or done capriciously or at pleasure, not founded in the nature of things, nonrational, not done or acting according to reason or judgment, depending on the will alone, tyrannical, despotic. (Webb v. Dameron, 219 S. W. 2d 581 [Tex.].)
The terms “ arbitrary ” and “ capricious ” mean willful and unreasoning action, without consideration of and in disregard of the facts and circumstances of the case, and action is not “arbitrary” or “capricious” when exercised honestly and upon due consideration, where there is room for two opinions, however much it may be believed that an erroneous conclusion was reached. (Matter of St. Paul & Tacoma Lbr. Co., 7 Wn. [2d] 580.)
Applying the definitions of the words ‘ ‘ arbitrary ’ ’ and “ capricious ” as set forth in the two cited cases, it cannot be said, based upon the facts set'forth in the present proceeding, that the action taken by the State Liquor Authority in its refusal to issue a wholesale beer license to the petitioner was “ arbitrary ” or “ capricious ”. To hold otherwise one would have to say that no reasonable person could possibly have reached the determination herein contested.
The petition is dismissed.
Submit order accordingly.