Paul M. JONES et al., Appellants,

v.

CITY OF JENNINGS, Respondent.

No. 40646.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 15, 1980.

A. E. Nick, Ferguson, for appellants.

Lloyd E. Eaker, Clayton, for respondent.

REINHARD, Judge.

Plaintiffs brought this action against the City of Jennings seeking a declaratory judgment that the city's Ordinance No. 1183 was invalid. They also prayed for injunctive relief to prevent defendant from erecting a barricade across Ellison Drive pursuant to the said ordinance. The trial court found the ordinance valid and entered judgment in favor of defendant. Plaintiffs appeal from that judgment.

This suit arose out of the passage of Ordinance No. 1183[1] by the Jennings City

1. BILL NO. 1201

ORDINANCE NU. [sic] 1183
AN ORDINANCE AUTHORIZING THE STREET DEPARTMENT OF THE CITY OF JENNINGS, MISSOURI TO BARRICADE ELLI-SON DRIVE AT THE BOUNDARY LINE SEPARATING THE CITY OF JENNINGS AND THE CITY OF FERGUSON

WHEREAS, the resident property owners of the 9000 and 9100 blocks of Ellison Drive with-

Council. The Ordinance authorizes and directs the Jennings Street Department to erect a barricade at the city limits between Ferguson and Jennings on Ellison Drive. The ordinance was passed in response to a petition submitted by residents of Jennings whose property abutted Ellison and Clarion Drives. The petition asserted that increased traffic on these streets created a traffic hazard and produced an increase in litter and noise in the area. The petition requested that barricades be placed on both Ellison and Clarion; however, the ordinance passed by the Jennings City Council authorized a barricade on Ellison only.

Ellison Drive is a short two block street in Northland Hills No. 2 subdivision. It lies partly in both Jennings and Ferguson and the subdivision plat was approved by both cities in 1955 and the street was dedicated to public use forever. Ellison runs in a generally east-west direction, dead-ending at Canfield to the west and intersecting Solway Drive to the east. East of Solway it becomes Meadowlark Avenue. Approximately half way between Canfield and Solway is Forge Drive which runs north from Ellison. Forge Drive is the only other street intersecting with Ellison. Residents of the subdivision can at present travel east on Ellison to reach Solway and then proceed south on Solway to reach West Florissant

Road, a major arterial road in St. Louis County. They can also travel west on Ellison to reach Canfield and then travel south on Canfield to reach West Florissant. Under the ordinance, a barricade is to be placed midway between Forge Drive and Solway and will prevent those living west of the barricade from travelling east on Ellison to reach Solway.

Plaintiffs are the City of Ferguson and residents of Ferguson who own property abutting Ellison Drive. On appeal, they contend the enactment of Ordinance 1183 was an ultra vires act by Jennings since no statute, expressly or impliedly grants the city the authority to barricade a street. Plaintiffs further contend that the ordinance violates § 229.030 RSMo 1969 which provides: "Public roads shall be cleared of all obstructions therein that hinder or interfere with travel or traffic thereon . . ."

In *State ex rel. Schmitz v. City of St. Louis,* 555 S.W.2d 848 (Mo.App.1977), this court considered the question of whether a city had the power to barricade a public street. We concluded there that the delegation of authority in § 304.120.2(1) RSMo 1975 Supp.[2] permitted the City of St. Louis to enact an ordinance barricading a public street.

in the City of Jennings, Missouri have petitioned the City Council of the City of Jennings, Missouri to barricade the said street at the boundary line separating the two cities, and—

WHEREAS, the City Street Department, Police Department and Fire Department have made inspections of the said street and found that the residents of an apartment complex north of the City of Jennings as well as others are using the street to avoid the signalized intersections along West Florissant Avenue and thus creating a nuisance on said street by overloading the neighborhood street with through traffic and littering the street and the yards with trash, debris, beer bottles, wine bottles and soft drink cans and bottles and polluting the residential area with noise and foul odors.

NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF JENNINGS, MISSOURI AS FOLLOWS:

SECTION 1. The Street Department of the City of Jennings, Missouri is hereby authorized and directed to construct a barricade across Ellison Drive at the boundary line sep-

arating the City of Jennings, Missouri and the City of Ferguson, Missouri in order to eliminate the nuisance above referred to and to thereby protect the interests of the people residing within the City of Jennings, Missouri in the 9000 and 9100 blocks of said street.

SECTION 2. Any person, corporation or association who shall interfere with said barricade or attempt to remove same or removes same or otherwise damages same shall be guilty of a misdemeanor and punished by a fine not to exceed $500.00 or by imprisonment not to exceed 90 days or by both such fine and imprisonment.

SECTION 3. EFFECTIVE DATE: This ordinance shall be in full force and effect from and after its passage and approval by the Mayor.

2. Section 304.120.2 provides: "Municipalities, by ordinance, may: (1) Make additional rules of the road or traffic regulations to meet their needs and traffic conditions."

Plaintiffs argue that we should distinguish *Schmitz* because the City of St. Louis, as a constitutional charter city has broader powers over its roads and streets than a third class city like Jennings. While the court in *Schmitz* discussed various constitutional and statutory sections which delegate powers to the City of St. Louis, it relied on § 304.120.2(1) in reaching its conclusions that the City of St. Louis had the power to barricade a public street.

■ Section 304.120 is a delegation of power to all classes and types of cities and municipalities within this state; its provisions apply to constitutional charter cities as well as third class cities. If its provisions vest a charter city with the power to barricade a street, they also vest all other classes of cities with the same power. Therefore, we conclude that Jennings did not exceed its authority by enacting Ordinance No. 1183.

■ Nor do we agree with plaintiffs' assertion that the ordinance is void because it conflicts with § 229.030 which prohibits obstructions in the public streets. A person owning property abutting a public highway has a right of ingress and egress to and from his property and to the abutting highway, including the right to reach the system of public highways. However, he does not have the right to travel in any particular direction from his property or upon any specific part of the public highway right-of-way. His right of ingress and egress is subject to reasonable restrictions under the police power of the state in protecting the public and facilitating traffic. *State ex rel. Highway Commission v. Meier*, 388 S.W.2d 855, 857 (Mo. banc 1965).

■ The barricade proposed by Jennings does not prevent plaintiffs from reaching the general system of public streets and highways, rather, it merely imposes some inconvenience on them in terms of a route to reach the highway system. A barricade erected as a traffic control device which merely imposes some circuity of route is not a prohibited obstruction within the meaning of § 229.030. *State ex rel. Schmitz v. City*

*of St. Louis*, 551 S.W.2d at 851. We rule this point against plaintiffs.

■ Plaintiffs' final point alleges that the enactment of Ordinance No. 1183 by Jennings was arbitrary and capricious because it was passed to hinder traffic and to protect private interests of the residents of Jennings residing in the 9000 and 9100 blocks of Ellison. "The terms 'arbitrary' and 'capricious' mean willful and unreasoning action, without consideration of and in disregard of the facts and circumstances . . . ." *Monachino v. Rohan*, 13 Misc.2d 729, 178 N.Y.S.2d 246, 248 (Sup.Ct.1958). Our examination of the record leads us to conclude that Jennings' action was not arbitrary and capricious.

First, we find ample evidence to support a finding that excessive traffic utilized Ellison. The results of a one week traffic survey revealed that with two way traffic, as many as 940 vehicles travelled on Ellison in one day with the most concentrated traffic being at traditional rush hours. The lowest number of vehicles that passed in a day was 557, this number being recorded on a Sunday. Citizens of Jennings who owned property abutting Ellison also stated that at times, they had difficulty in getting out of their driveways and that the traffic caused a great deal of noise.

Second, we believe the relative actions of the two cities must be examined in order to determine if Jennings' action was arbitrary. It is apparent that at least a significant portion of the traffic congestion was caused by residents of Ferguson who used Ellison to avoid the traffic signals on West Florissant, and particularly that part of the congestion was caused by the development of a 414 unit apartment complex in Ferguson. Ferguson then, had at least some affirmative duty to cooperate with Jennings to reduce the excessive traffic on Ellison. The evidence in the record indicates that the Ferguson City Council rejected a plan recommended by the Ferguson Traffic Commission to make Ellison and Clarion one way streets. It is unclear from the record whether the plan was proposed before or after the adoption of the barricade ordinance. In any event, it is clear that offi-

cials of Ferguson had no interest in cooperating in this matter. In fact, the City Manager testified that there was no traffic problem on Ellison. The attitude of the officials of Ferguson is a factor the trial court could consider in determining whether Ordinance No. 1183 was arbitrary and capricious.

Finally, we cannot agree with plaintiffs' argument that the ordinance is void on its face because it states that it was to "protect the interest of the people residing within the City of Jennings, Missouri in the 9000 and 9100 blocks of said street." A community may in the exercise of its police powers restrict the flow of traffic into a residential area in order to reduce·noise, traffic hazards and litter. *County Board of Arlington County v. Richards*, 434 U.S. 5, 7, 98 S.Ct. 24, 26, 54 L.Ed.2d 4 (1977). While the residents of the 9000 and 9100 blocks of Ellison may benefit more directly from the ordinance than other members of the public, this fact alone does not minimize its overall purpose as a traffic control device designed to restrict the flow of traffic into this residential area and thereby to protect the public.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.