Charles A. DEUTSCH and David A. Smith, Plaintiffs-Appellants,

v.

CITY OF LADUE,
Defendant-Respondent.

No. 51801.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer
Denied March 19, 1987.

Application to Transfer Denied
May 19, 1987.

Miss Shulamith Simon, St. Louis, for plaintiffs-appellants.

Douglas O'Leary, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiffs-appellants brought this action seeking declaratory judgment that plaintiffs have a right to use a portion of the right-of-way of McKnight Road, located in the City of Ladue, so that they may have access to and egress from plaintiffs' adjoining property located within University City. In addition, plaintiffs sought an injunction, enjoining the City of Ladue from prohibiting use of the McKnight Road right-of-way by plaintiffs. The trial court denied plaintiffs' requests for injunctive and declaratory relief. We affirm.

This cause was submitted to the trial court on a stipulation of facts. Plaintiffs are the option holders of a 7.8 acre tract of property located in University City at the northern boundary of the City of Ladue. Plaintiffs are in the process of developing their University City property into a commercial and multi-family complex for older adults that would contain approximately 290 apartment units. The preliminary plans include a post office, pharmacy, grocery, barber/beauty parlor, automatic teller, clinic, and library. The development would contain approximately 240 parking spaces and will employ forty employees.

Plaintiffs are also the holders of an option for the acquisition of the west part of Lot 1, Block 6 (hereinafter "No. 1 Sedwick Lane") of Ladue Woods Subdivision, located entirely within the City of Ladue. No. 1 Sedwick Lane adjoins the 7.8 acre tract in University City that plaintiffs plan to develop. The district within which the property at No. 1 Sedwick Lane is located is zoned as "A" residential, limiting the use of said property to single-family residences only and uses accessory to such single-family dwellings.

McKnight Road runs north-south through the City of Ladue. Traffic Ordinance No. 923, adopted on June 19, 1967, closed the northern five feet of McKnight Road at the northern city limits of Ladue, preventing all through traffic at the City of Ladue-University City boundary line. The City of Ladue installed barricades and plantings across the paved portion of McKnight Road at its northern city limits.

The Ladue Woods Subdivision abuts McKnight Road to the east. The City of Ladue presently has a sixty feet wide right-of-way for use over McKnight Road. The property subdivided as Ladue Woods Subdivision is the parcel from which the east one-half of McKnight Road was taken. The paved portion of McKnight Road is twenty feet in width with an additional twenty feet easement on each side of the paved portion of the road.

No. 1 Sedwick Lane is within the Ladue Woods Subdivision and is located at the City of Ladue's northern limits where McKnight Road is closed for traffic. Plaintiffs have blacktopped an area extending from the paved portion of McKnight Road along the twenty foot easement provided by No. 1 Sedwick Lane, to a point beyond the City of Ladue's northern boundary line to provide vehicular and pedestrian access to their development in University City.

The City of Ladue is opposed to plaintiffs' proposed use of the public right-of-way as an access route to their University City development. The City of Ladue has received approximately fifty responses from Ladue residents in opposition to plaintiffs' proposed use of the public right-of-way.

The trial court concluded that plaintiffs' proposed use of the right-of-way would violate Ladue Zoning Ordinance No. 1175 which limits the use of the property to single-family residential use. Further, the court ruled plaintiffs' use of McKnight Road is an illegal and improper attempt to avoid the barrier, installed pursuant to Ladue Traffic Ordinance No. 923, which prevents access to McKnight Road at the City of Ladue's northern limits from streets in University City. The court also concluded

that plaintiffs' proposed use of the easement on the McKnight Road right-of-way is inconsistent with the city's rights in the right-of-way.

On appeal, plaintiffs contend the trial court erred in finding their proposed use of the eastern portion of the McKnight Road right-of-way is inconsistent with the public easement. Plaintiffs further contend the trial court erred in finding that plaintiffs' proposed use of the blacktopped area violated the Ladue single family residential zoning ordinance. Finally, plaintiffs contend the trial court erred in finding that plaintiffs' proposed use of the eastern portion of the McKnight Road right-of-way was an illegal and improper attempt to circumvent Ladue Ordinance No. 923, which closed and barricaded the northern five feet of McKnight Road in the City of Ladue.

■ We affirm the judgment of the trial court denying plaintiffs declaratory and injunctive relief on the basis that plaintiffs' proposed use of the blacktopped area circumvents the City of Ladue's Traffic Ordinance No. 923 and is thereby inconsistent with the city's rights in the right-of-way. We need not address, therefore, plaintiffs allegations of error directed towards the trial court's ruling that plaintiffs' proposed use of the McKnight Road right-of-way is in violation of the Ladue zoning ordinance.

■ As this case was submitted to the trial court on a stipulation of facts, our review on appeal is whether the trial court drew the proper legal conclusions from the facts stipulated. *Schroeder v. Horack,* 592 S.W.2d 742, 744 (Mo. banc 1979).

Plaintiffs contend the trial court erroneously labeled Ladue Ordinance No. 923, which closed the northern five feet of McKnight Road in the City of Ladue, as a zoning ordinance instead of a traffic ordinance. This mischaracterization, plaintiffs contend, led the court to erroneously conclude that plaintiffs' proposed use of the

blacktopped area is an illegal and improper attempt to circumvent the McKnight Road barrier. It is plaintiffs' contention that as a traffic ordinance, Ladue Ordinance No. 923 was intended only to regulate traffic by prohibiting through traffic on McKnight Road and was not intended to affect land use or ownership interests.

■ McKnight Road has been closed to all through traffic at the Ladue-University City boundary line for nineteen years pursuant to the adoption of Ordinance No. 923 in 1967.[1] The ordinance is designated a "Traffic Ordinance" and not a zoning ordinance. The trial court, in its findings of fact, did erroneously label the ordinance a zoning ordinance. Plaintiffs have not shown, however, how this mischaracterization was vital to the trial court's decision.

■ Both zoning ordinances, *Wrigley Properties, Inc. v. City of Ladue,* 369 S.W.2d 397, 400 (Mo.1963), and traffic ordinances, *Mahaffy v. City of Woodson Terrace,* 609 S.W.2d 233, 237 (Mo.App.1980), are enacted pursuant to a city's police powers. In the exercise of the police power, an ordinance may regulate private property to protect the general welfare. *City of Clayton v. Nemours,* 353 Mo. 61, 182 S.W.2d 57, 60 (1944). Ordinances enacted pursuant to a city's police power enjoy a presumption of constitutionality. *Home Builders Association v. Kansas City,* 555 S.W.2d 832, 835 (Mo. banc 1977).

Pursuant to § 88.670.3, RSMo 1986, the City of Ladue, as a fourth class city, has "exclusive control over all streets, alleys, avenues and public highways" within its city limits. Moreover, § 304.120.2(1), RSMo 1986, gives the city broad authority to make by ordinance "additional rules of the road or traffic regulations to meet [its] needs and traffic conditions."

■ Accordingly, this court has previously held that "[a] community may in the exercise of its police powers restrict the

1. Ladue Traffic Ordinance No. 923 provides as follows:

The Northern 5 feet of McKnight Road in the City of Ladue is hereby closed to vehicular traffic, and the Road Department shall erect suitable barricades to prevent the movement of vehicular traffic at said place. It shall be unlawful for the operator of a motor vehicle to operate the same through said area.

flow of traffic into a residential area in order to reduce noise, traffic hazards and litter." *Jones v. City of Jennings*, 595 S.W.2d 1, 4 (Mo.App.1979). This authority includes the power to restrict the use of certain streets with permanent barricades. *Jones, supra*, at 3; *State ex rel. Schmitz v. City of St. Louis*, 551 S.W.2d 848, 852 (Mo.App.1977).

In this regard, the rights of an owner of property abutting the street or public way are "subject to the power of the state and the municipality to control and regulate the streets, and this is true even though the fee of the street is in the abutting property owner." 64 C.J.S. *Municipal Corporations* § 1701 (1950). An abutting landowner's right of ingress and egress is subject to reasonable restrictions under the police power of the City. *Jones, supra*, at 3. The right of access to the right-of-way does not include the right to travel in any particular direction from one's property or upon any specific part of the public highway right-of-way. *Jones, supra.*

McKnight Road is accessible to the Ladue property at No. 1 Sedwick Lane via Sedwick Lane. Plaintiffs, however, cannot thwart both the letter and spirit of Ordinance No. 923, closing McKnight Road to through traffic into University City, by purchasing property in Ladue that includes the McKnight Road right-of-way in order to gain access to their University City development.

Finally, plaintiffs contend their proposed use of the McKnight Road right-of-way does not circumvent the traffic ordinance because it is apparent from the site plan for the development that there will be no through traffic as a guarded gatehouse at the McKnight Road entrance will limit the McKnight Road access to residents of the development and their guests. Plaintiffs fail to consider, however, that access from McKnight Road to a 290 unit apartment complex located in University City, itself, results in through traffic to University City. Moreover, the City of Ladue and its residents are not guaranteed that plaintiffs will provide guards, or continue to keep guards, to prevent through traffic

from streets adjoining the development in University City.

We affirm the judgment of the trial court.

SMITH, P.J., and REINHARD, J., concur.