**ST. LOUIS COUNTY, Missouri, Plaintiff–Appellant,**

v.

**Mark F. HANNE, Defendant–Respondent.**

No. 54288.

Missouri Court of Appeals, Eastern District.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Application to Transfer Denied Jan. 17, 1989.

Thomas W. Wehrle, County Counselor, Michael A. Shuman, Asst. County Counselor, Clayton, for plaintiff-appellant.

Klutho, Cody, Kilo Flynn, Billinsley & Trame, Robert E. Trame and Michael H. Izsak, St. Louis, for defendant-respondent.

KAROHL, Judge.

The defendant, Mark Hanne, filed a Motion to Dismiss a traffic citation he received for violating a no right turn restriction in St. Louis County. Section 1205.030 SLCRO 1974, as amended 1986, [hereafter, County Ordinance 12,930] prohibits such turns during peak traffic hours unless a motorist resides in one of several area subdivisions or works at the local elementary school. Those eligible may purchase stickers for their cars identifying them as exempt from the turning restriction. In his Motion to Dismiss defendant claimed that: (1) the Ordinance permitting only certain persons to turn at the intersection violates the Equal Protection Clause of Article I, Section 2 of the Missouri Constitution; and (2)

the authorization of payment for identification stickers without obtaining voter approval violates Article X, Sections 16 through 24 of the Missouri Constitution, the Hancock Amendment. The trial court granted the motion to dismiss. We reverse and remand.

This case was submitted to the trial court on stipulated facts. On March 27, 1987 at 6:59 a.m. defendant received a traffic citation for violating a no-turn restriction at the intersection of Old Baxter Road and Highcroft Drive. County Ordinance No. 12,930 prohibits turns from 6:30 a.m. to 9:00 a.m. and from 3:30 p.m. to 6:30 p.m. Monday through Friday for southbound traffic on Old Baxter Road, and prohibits right turns during the same time periods for eastbound traffic on Old Baxter Road "except for employees of Highcroft Ridge Elementary School and residents, employees of residents, and owners of carpool vehicles serving residents of the following subdivisions: [eleven subdivisions named], with vehicles properly identified pursuant to Section 1213.100 SLCRO."

Local residents and school employees may purchase stickers for their cars which identify them as exempt from the turning restrictions. Section 1213.100 SLCRO authorized distribution of the identification stickers to eligible residents according to procedures established by the Department of Revenue.

The procedures for distribution of the stickers were as follows. The Department of Revenue designed the stickers, made arrangements for printing of the stickers and gave the Boards of Trustees of the eleven area subdivisions a list of qualified persons. The subdivision trustees arranged for the payment of printing and distribution of the stickers, and collected money from area residents for the cost of the stickers. The suggested cost for each sticker was between $1 and $3, but the exact cost of each sticker was determined by the quantity of stickers ordered. All proceeds from the distribution of stickers paid for the costs and distribution of the stickers. St. Louis County received no rev-

enue from the sale or distribution of the stickers.

The defendant was not eligible to acquire a sticker. He was not exempt from the turn restrictions and was ticketed for making a right turn on Old Baxter Road at 6:59 a.m. on March 27, 1987. The defendant filed a Motion to Dismiss the charge, claiming the ordinance was not valid because its provisions violate the Equal Protection Clause of the Missouri Constitution, Article I, Section 2, and the Hancock Amendment of the Missouri Constitution, Article X, Sections 16 through 24. The trial court granted the Motion, finding that the County Ordinance violated both equal protection and the Hancock Amendment.

■■■ We find no violation of the Equal Protection Clause. The ordinance restricting turns at peak traffic times involves no fundamental right or suspect class. *See, State v. Williams*, 729 S.W.2d 197, 200 (Mo. banc 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 296, 98 L.Ed.2d 256. Therefore, the ordinance must be judged under the rational basis test. *See, Stewart v. Director of Revenue*, 702 S.W.2d 472, 474–75 (Mo. banc 1986). Under this test, there is no equal protection violation if a classification bears some rational relation to a legitimate government purpose. *Belton v. Board of Police Comm'rs*, 708 S.W.2d 131, 139 (Mo. banc 1986). A classification will be upheld if any facts can be reasonably conceived which would justify it. *Id.*

■■■ Here, the classification bears a rational relation to the purpose of the ordinance and survives an equal protection challenge. The interest of St. Louis County in enacting Ordinance No. 12,930 was to reduce traffic volume on designated streets during high traffic hours. The Ordinance permitted area residents, as eligible persons, to be exempted from the turn restrictions. Those persons not living in the designated area or employed as described were prohibited from turning into the subdivisions. The Ordinance had the effect of admitting local but prohibiting through traffic during high traffic hours. The ordinance creates two classes of motorists; those who live in specific neighboring sub-divisions or work in the area who may obtain exemption from no-turn restrictions, and those who do not live or work in the specified area and cannot become exempt. This classification is rationally related to the governmental interest of reducing traffic volume and hazards. For that reason it does not violate defendant's Equal Protection Rights.

■■■ A community has great latitude in imposing traffic regulations under its police power. It may restrict the flow of traffic in a residential area in order to reduce noise and traffic hazards. *County Board of Arlington County, Va. v. Richards*, 434 U.S. 5, 7, 98 S.Ct. 24, 26, 54 L.Ed.2d 4 (1977); *Deutsch v. City of Ladue*, 728 S.W.2d 239, 241–42 (Mo.App.1987) (quoting *Jones v. City of Jennings*, 595 S.W.2d 1, 4 (Mo.App.1979)). An exercise of police power requires only that a classification bear a reasonable and rational relation to the ends of the enactment. *Weber v. Missouri State Highway Com'n*, 639 S.W. 2d 825, 829 (Mo.1982). Ordinance No. 12,- 930 bears a rational relation to the governmental purpose of reducing traffic volume and was a valid execution of the police power of St. Louis County. It is not arbitrary.

■■■ A party making an equal protection claim bears the burden of showing there is no reasonable basis for the classification. *State v. McManus*, 718 S.W.2d 130, 131 (Mo. banc 1986). Even though a classification may be imperfect, if there is a reasonable basis for the classification, it does not violate equal protection. *See, Collins v. Director of Revenue*, 691 S.W.2d 246, 250 (Mo. banc 1985). Therefore, although the classification created by Ordinance No. 12,- 930 may be under inclusive and exclude some persons living in the area, it is rationally related to the governmental purpose of reducing traffic flow during peak traffic hours, and survives the rational basis test of the equal protection claim.

■■■ We next consider whether the payment for identification stickers violates the Hancock Amendment. Defendant has standing to challenge the ordinance on this

ground in defense of the traffic citation. He relies on the following provisions in the Amendment:

> Counties ... are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon....

Mo. Const. Art. 10, Section 22(a).

If the payment for the identification stickers is viewed as a tax, license or fee, then the imposition of a cost for the sticker without voter approval is a violation of the Hancock Amendment. The facts of this case indicate that payment for the stickers does not constitute a tax, license or fee imposed by St. Louis County, and therefore is not a violation of the Hancock Amendment.

In *Roberst v. McNary*, 636 S.W.2d 332 (Mo. banc 1982), the Missour Supreme Court interpreted the rationale of the Hancock Amendment. According to the *McNary* court, the objective of the Amendment was "to rein in increases in governmental revenue and expenditures." *Id.* at 336. Its purpose, then, would not be served by requiring voter approval to recover only the actual per unit cost of identification stickers. The charge for stickers generated no revenue for St. Louis County. The cost of the stickers paid only for distribution expenses, and had no impact on County revenue or expenditures.

The *McNary* court also discussed what constitutes a tax, license or fee under the Hancock Amendment. When reviewing the construction of a constitutional amendment, the court said, the judiciary should give words the meaning the people understood them to have when they passed the amendment. *Roberts v. McNary*, 636 S.W. 2d at 335. The court thereby adopted the definitions of the terms tax, license and fee given in Webster's Dictionary, and defined the terms according to their common meaning.

■ The *McNary* court stated that a tax is "a pecuniary charge imposed by legislative or other public authority upon persons or property for public purposes: a forced contribution of wealth to meet the public needs of a government." *Id.* A license is "a right or permission granted in accordance with law by a competent authority to engage in some business or occupation, to do some act, or to engage in some transaction which but for such license would be unlawful." *Id.* A fee is "a fixed charge for admission; a charge fixed by law or by an institution for certain privileges or services; a charge fixed by law for services of a public officer." *Id.* The payment for the identification sticker does not fall within any of these definitions, and therefore is not governed by the Hancock Amendment.

The payment of $1 to $3 for an identification sticker is not a tax, for there is no forced contribution of the residents' wealth imposed to meet the needs of the government. Eligible residents are not required to purchase a sticker, and may elect not to purchase one. In addition, the funds generated from payment for the stickers are not paid to St. Louis County or used to meet governmental needs or costs; St. Louis County receives none of the money collected from the sticker distribution.

■ Payment for a sticker does not constitute a license, for those purchasing the stickers receive no right to engage in any business or occupation, do some act or to engage in some transaction which would be prohibited without the sticker. Area residents and employees with the sticker do not become "licensed" to make turns during restricted time periods. Rather, they are already exempted from the traffic regulation because of residence or defined occupation in the area. They may purchase the stickers for identification purposes. Subdivision trustees distribute the stickers. The County Ordinance incorporates an exemption from no-turn restrictions and the sticker identification system. The sticker is not a license to act, it is no more than

identification of a person not prohibited from acting.

 Finally, the cost of the sticker is not a fee because the payment is for the sticker itself, and does not grant any special privilege to those purchasing the sticker or constitute a payment for any governmental services. The County imposes no mandatory fee on area residents and employees, and merely gives eligible persons the opportunity to purchase a sticker which identifies them as exempted from the no-turn restriction. The payment applies only to those residents who live in certain subdivisions and employees of Highcroft Ridge Elementary School, and not to all county residents.

Payment for the stickers may seem to grant certain county residents the "privilege" to turn on Baxter Road during peak traffic hours, and thereby constitute a fee for a specific privilege. Area residents and employees, however, are not paying St. Louis County for a privilege. Those with identification stickers are exempt from the no-turn restriction, and payment is directed to subdivision trustees for the actual cost of the sticker, and not for a special privilege granted by the County. St. Louis County receives no revenue from the cost of the stickers; the cost of the sticker is not a fee levied by the county government.

 During oral argument the parties informed this court that the County Ordinance tested by this case is no longer in full force and effect. The traffic citation was issued at a time when the area was within unincorporated St. Louis County. Subsequently, the City of Chesterfield, Missouri was incorporated. The area in question is within the new city. Chesterfield ordinances have replaced county traffic ordinances. However, the ordinance was valid at the time the defendant was ticketed and the matters of law presented were not rendered moot by the incorporation of the City of Chesterfield.

We find the ordinance survives defendant's constitutional challenge. The court erred in dismissing the charge. We reverse and remand.

GRIMM, P.J., and PUDLOWSKI, C.J., concur.