**NORMANDY FIRE PROTECTION
DISTRICT, Plaintiff/Appellant,**

v.

**VILLAGE OF PASADENA PARK,
Defendant/Respondent.**

No. 69196.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 2, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 1, 1996.

Application to Transfer Denied
Sept. 17, 1996.

Gregory H. Wolk, Edwards, Singer, Wolk & Spoeneman, St. Louis, for Appellant.

Mark F. Haywood & Robert P. Sass, Latourette, Schlueter & Byrne, St. Louis, for Respondent.

CRANDALL, Judge.

The Normandy Fire Protection District (district) appeals from denial of a permanent injunction to prevent the Village of Pasadena Park (village) from placing permanent gates across four streets within its boundaries. We affirm.

The district provides fire protection services for the village. The village lies entirely within the district's boundaries. Section 321.010.1 RSMo (1994) empowers the district to supply protection "by any available means to persons and property" against fire-related injuries and damage and "to give assistance in the event of an accident or emergency of any kind." Using this broad authority, the district enacted an ordinance on February 2, 1994, restricting obstructions on public or private streets which might delay emergency vehicles within the boundaries of the district. The ordinance specifically included fences or gates as prohibited obstructions.

On May 9, 1995, village trustees enacted two ordinances aimed at controlling cut-through traffic and promoting neighborhood safety. One ordinance made several two-way streets one-way, and the other authorized barricades where Warwick Drive, North Sunset Drive, Forest View Drive and Rosedale Drive intersect with Bermuda Road. To enforce the ordinance, village trustees installed wrought iron gates with breakaway locks. The resulting traffic pattern left unobstructed one entrance into the village from Bermuda Road and one exit out of the village from Bermuda Road. Bermuda Road is one of three main access streets from district's firehouse if traveling on Florissant Road. North Hills Drive, the middle access street, goes all the way through the village and is the street where the fire hydrants are located. The district responded to two calls in the village in 1995, and to five calls in 1994. The routes taken while responding to those calls were not established in the record.

■ We first address the district's claim that the village does not have statutory authority to barricade public streets. Under § 80.090(34) RSMo (1994), the village has the power to "open, clear, regulate ... the streets and alleys." Further, the village has broad authority to enact ordinances making "additional rules of the road or traffic regulations to meet [its] needs and traffic conditions." § 304.120.2(1) RSMo (1994). "A community may in the exercise of its police powers restrict the flow of traffic into a residential area in order to reduce noise, traffic hazards and litter." *Jones v. City of Jennings,* 595 S.W.2d 1, 4 (Mo.App.1979). This includes using permanent barricades on certain streets to restrict traffic. *Deutsch v. City of Ladue,* 728 S.W.2d 239, 242 (Mo. App.1987).

■ The trial court found that village had a compelling interest in exercising its police powers to protect resident safety. Section 304.120.2(1), as interpreted, gives the village

the statutory authority to erect permanent barriers in its exercise of police powers. A permanent barricade used to re-route traffic is not an obstruction under state law. *Jones,* 595 S.W.2d at 3. The district's point is denied.

■ Next, the district asserts the trial court erred in weighing the interests of each jurisdiction against the other because the district's broad authority under § 321.010 was last in time and thus the Legislature intended to supersede the village's authority found in § 304.120.2(1). The district points to *Wellston Fire Protection District v. State Bank and Trust Co.* 282 S.W.2d 171, 174 (Mo.App.1955) to support its proposition. There the court found that a fire district's power to inspect construction projects for the purpose of preventing fires and protecting property superseded a city's right to exercise inspections for the same purpose since the district's enabling statute was last in time. *Id.* at 174. *Wellston* is distinguishable because here the village is exercising its police power for crime prevention and traffic control, not for fire prevention purposes. Like *Wellston,* the municipality continues to exercise necessary regulation and control for reasons other than fire prevention. *Id.* at 177.

The district cannot enact an ordinance in conflict with the laws of this state. § 321.220(12) RSMo (1994). In view of our holding that the village ordinance was proper under state law, the district was not entitled to injunctive relief. The issue of whether the trial court erred in applying a balancing test is moot in absence of a challenge to the reasonableness of the village ordinance or a claim that it is arbitrary or capricious. The district's point is denied.

The judgment of the trial court is affirmed.

CRAHAN, P.J., and DOWD, J., concur.