OPINION OF THE COURT
Charles A. Posner, J.
Last century, more than two and a half decades ago, the highest court in this state declared two “Sunday Blue Laws” (General Business Law §§ 9, 12) unconstitutional (People v Abrahams, 40 NY2d 277 [1976]). However, not every “Blue Law” or *368 “Sabbath Law” was before the Court in Abrahams for scrutiny. Some of the vestiges of archaic Blue Laws remain on our law-books, waiting to be enforced for no rational basis. It is now time for this court to declare Alcoholic Beverage Control Law § 105-a unconstitutional.
Defendant is charged with selling beer at retail at 3:30 a.m. on a Sunday morning, in violation of Alcoholic Beverage Control Law § 105-a.[1] In People v Abrahams (40 NY2d at 281), the Court reviewed the history of Sabbath Laws in general, stating that
“[t]here is little doubt that these laws are clearly religious in origin being derived from the concise directive of the Old Testament that on the seventh day no work shall be done (Exodus, XXXI, 14-15). As a precept of civil government, however, the Sunday Laws are over 16 centuries old having been originated by the Roman Emperor Constantine in 321 AD who ordered all Judges and inhabitants of cities to rest on Sunday. Similar legislation appears in the laws of the Holy Roman Empire and in Saxon laws (28 A&E Encyc 390). Although the English common law contained no general ban on Sunday activity aside from the prohibition against judicial proceedings, more expansive Sunday Laws were passed at an early date (29 Chas II, ch 7) and became the basis for similar legislation in this Country. The first Sabbath laws in America were enacted in Virginia in 1614, some three years before the Pilgrims landed at Plymouth Rock (10 Va L Reg 64; 28 A&E Encyc 390). Most of the colonies, including New York, followed suit. The earliest law in force in this State implying an obligation to observe the Sabbath was promulgated by the Dutch Burgomasters of Amsterdam in 1656 (see People v Hoym, 20 How Prac 76) and was superseded by the Duke of York’s laws when the Dutch relinquished control to the English in 1664.”
*369 While Abrahams (at 285) recognized that Blue Laws may be used to promote the “health of the citizenry as well as the enhancement of their rest and relaxation,” the Court of Appeals nevertheless found two sections of the General Business Law unconstitutional. While there may be a state interest in preventing owners of “mom and pop stores” from being overworked, it is incomprehensible why the morning of rest should be on a Sunday as opposed to any of the other six days of the week. Rather than allowing retailers to choose which designated day of the week the individual retailer selects to close for a minimum amount of time, the Legislature mandated that Sunday is the appropriate time for rest. The Legislature’s choice of Sunday as a day of rest was either arbitrary and capricious[2] or in violation of the Establishment Clause.
In view of the acknowledgment by the Court of Appeals that Sabbath Laws are founded in religious beliefs, it is time to declare all such laws unconstitutional. The substitution of a secular concern such as protecting “mom and pop” from being overworked for the earlier concern that the religious nature of the day be observed does not make the statute in question less reprehensible, especially when the government tells the retailer which day is the Sabbath.
The Establishment Clause provides simply that “Congress shall make no law respecting an establishment of religion” (US Const Amend I). The First Amendment to the United States Constitution applies to the states through the Due Process Clause of the Fourteenth Amendment (see County of Allegheny v American Civ. Liberties Union Greater Pittsburgh Ch., 492 US 573 [1989]). Where a statute is suspected of violating the Establishment Clause, the general test first set forth by the Supreme Court in Lemon v Kurtzman (403 US 602 [1971]), as modified by Agostini v Felton (521 US 203 [1997]), must be applied (DeStefano v Emergency Hous. Group, 247 F3d 397 [2001]).
As originally formulated, the Lemon test required that “a statute or practice which touches upon religion, if it is to be permissible under the Establishment Clause, must have a secu *370 lar purpose; it must neither advance nor inhibit religion in its principal or primary effect; and it must not foster an excessive entanglement with religion” (County of Allegheny v American Civ. Liberties Union, 492 US 573, 592 [1989], cited by DeStefano v Emergency Hous. Group, 247 F3d 397, 406 [2001]). Agostini enhanced the second part of this test — the so-called “effects prong” by fusing within it the inquiry into excessive entanglement, which had theretofore been the separate third part of the test (DeStefano v Emergency Hous. Group, 247 F3d 397, 406 [2001], supra, citing Mitchell v Helms, 530 US 793, 842 [2000] [O’Connor, J., concurring in judgment]; id. at 807-808 [plurality op]).
In the case at hand, there is no secular reason why beer cannot be sold on Sunday morning as opposed to any other morning. While it enhances religions whose Sabbath falls on a Sunday, it inhibits the enjoyment and occupations of those whose Sabbath does not fall on a Sunday. Other than this entanglement with religion, there is no rational basis for mandating Sunday as a day of rest as opposed to any other day. Thus, the constitutionality of Alcoholic Beverage Control Law § 105-a fails on all prongs of the Lemon/Agostini test.
Alcoholic Beverage Control Law § 105-a becomes more onerous when alternative and less intrusive government regulation is considered. The statute prevents a person, who does not observe the Sabbath on Sunday, from buying beer on Sunday morning. Similarly, the statute prevents a licensee, who does not observe the Sabbath on Sunday, from earning a livelihood by selling beer on Sunday morning. If the State is concerned about overworking the “mom and pop” businesses, there is no reason why a licensee should not be able to designate with the State Liquor Authority the day in which beer would not be sold for extended hours.
Accordingly, enforcement of Alcoholic Beverage Control Law § 105-a violates the Establishment Clause of the United States Constitution. The accusatory instrument herein is dismissed.

. Alcoholic Beverage Control Law § 105-a provides: “No person, firm or corporation holding any license or permit issued under this chapter shall sell, offer for sale or give away beer at retail on Sunday between three antemeridian and twelve noon. Persons, firms or corporations holding licenses and/or permits issued under the provisions of the alcoholic beverage control law permitting the sale of beer at retail, may sell such beverages at retail on Sunday before three antemeridian and after twelve noon for off-premises consumption to persons making purchases at licensed premises to be taken by them from the licensed premises.”

. “In many respects the words arbitrary and capricious are synonymous, the word capricious meaning freakish, whimsical, fickle, changeable, unsteady and arbitrary, and the word arbitrary being defined as fixed or done capriciously or at pleasure, not founded in the nature of things, nonrational, not done or acting according to reason or judgment, depending on the will alone, tyrannical, despotic. (Webb v. Dameron, 219 S. W. 2d 581 [Tex.].)” (Matter of Monachino v Rohan, 13 Misc 2d 729, 730 [1958] [internal quotation marks omitted].)